IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| | * |
| v. | *   Criminal No. SAG-03-137/ |
| | *   Civil Case No. SAG-20-1778 |
| | * |
| LARRY WRIGHT | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Currently pending is a 28 U.S.C. § 2255 habeas petition filed by Defendant Larry Wright. Wright contends that his 2004 conviction under 18 U.S.C. § 922(g)(1) is defective in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Court did not advise him at the time of his guilty plea that an element of the offense required his knowledge that he was a person prohibited from possessing firearms.  This Court has reviewed Wright's motion and the Government's opposition.  ECF 24, 35.  No reply has been filed and no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2021).  For the reasons that follow, Wright's Motion will be denied.

28 U.S.C. § 2255 allows a motion to be filed by "[a] prisoner in custody under sentence of a court established by Act of Congress[.]"  Wright filed his motion on June 11, 2020.  ECF 24. Court records show that Wright's term of supervised release commenced on February 20, 2007, and ended on February 19, 2010.  ECF 21.  Accordingly, as of the time he filed the instant petition more than ten years later, he was not "a prisoner in custody under sentence of a court established by Act of Congress" and is therefore ineligible for relief pursuant to § 2255.

Although this Court need not reach the issue, Wright's *Rehaif* claim would also fail on its merits in light of the Supreme Court's decision in *Greer v. United States*, 139 S. Ct. 2191 (2019). The record conclusively demonstrates that Wright knew of his three prior qualifying felony

convictions for which he had actually been sentenced to more than one year of imprisonment. He therefore cannot show any "'reasonable probability' that the outcome of the district court proceeding would have been different." *Id.* at 2100. Therefore, Wright's *Rehaif* Motion, ECF 24, will be denied by separate order.

## CERTIFICATE OF APPEALABILITY

This Court must "issue or deny a certificate of appealability when it issues a final order adverse to the applicant." *See* Rule 11(a) of the Rules Governing § 2255 Cases. A certificate of appealability is a jurisdictional prerequisite to an appeal from this Court's order, and should issue only where there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court has considered the record and finds that Wright has not made the requisite showing by demonstrating that reasonable jurists would find this Court's assessment of the claim debatable or incorrect. *See, e.g.*, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001). Accordingly, a certificate of appealability is denied.


DATE: August 2, 2022                             _____/s/_____
                                                 Stephanie A. Gallagher
                                                 United States District Judge